**E.H. SCHRUPP & ASSOCIATES, INC., Relator,**

v.

**Steven L. STANSBERRY, Commissioner of Jobs and Training, Respondents.**

No. C6–87–1080.

Court of Appeals of Minnesota.

Sept. 29, 1987.

David J. Lenhardt, Minneapolis, for E.H. Schrupp & Associates, Inc.

Steven L. Stansberry, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.*, with oral argument waived.

## OPINION

NORTON, Judge.

Relator E.H. Schrupp & Associates, Inc. seeks review by writ of certiorari of a determination that respondent Steven Stansberry is entitled to receive unemployment compensation benefits, even though he voluntarily quit his temporary job with Schrupp before it ended. We reverse.

## FACTS

E.H. Schrupp & Associates, Inc. ("Schrupp") is a townhouse maintenance

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

and lawn service company located in Minnetonka, Minnesota. During the summer months, Schrupp's employees do lawn work and landscaping, and in the winter, some employees continue to work part-time, snowplowing and shoveling.

Steven Stansberry worked full-time for Schrupp from May through October 30, 1986. Discovering that he needed to move out of his apartment by the end of October, and realizing that the lawn maintenance season was almost over, Stansberry decided to move back home. He therefore adamantly requested Schrupp to lay him off on October 30. Schrupp granted Stansberry's request, although there remained approximately one and one-half weeks of work left in the lawn maintenance season.

Stansberry filed for unemployment compensation benefits, but his claim was denied on the basis that he had voluntarily quit his job without good cause attributable to Schrupp. Stansberry appealed to a Department referee, who affirmed. Following another appeal, a remand, and another hearing, a Commissioner's representative granted Stansberry's claim for benefits, concluding:

> It is clear that the claimant requested that he be placed on layoff effective October 30, 1986. However, it is equally clear, from the employer's testimony, that the claimant would have had no more than two weeks of full-time work. For those two weeks, the claimant would not be entitled to benefits. However, the claimant did not file for benefits until November 16, 1986. As a result, there is no actual disqualification from benefits, assuming that the claimant is otherwise qualified for benefits.

## ISSUE

Did the Commissioner err by awarding benefits even though Stansberry voluntarily quit his job without good cause attributable to Schrupp?

## ANALYSIS

The issue here turns upon the "cause" of Stansberry's unemployment, i.e., whether or not his separation was voluntary or involuntary. An individual who voluntarily quits his job without good cause attributable to his employer is disqualified from receiving unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1(1) (1986).

Here, the Commissioner found that Stansberry's initial unemployment was "voluntary." The Commissioner did not find that the temporary nature of Stansberry's employment (i.e., the fact that his job would have ended within two weeks anyway) was a "cause" of Stansberry's unemployment.

Despite this fact, the Commissioner determined that Stansberry may receive unemployment compensation benefits. The Commissioner cited *Reserve Mining Co. v. Anderson,* 377 N.W.2d 494 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Jan. 17, 1986), as controlling.

In *Anderson,* an employee had accepted early retirement only after being notified that she would be laid off. The Commissioner stated:

> "The employer here caused the unemployment by notifying the claimant of lay off. There is absolutely no showing in this case that the claimant would be unemployed but for the notification of lay off.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> The fundamental question to be asked is 'Why is the claimant really unemployed?' The claimant is unemployed because of the notification of lay off."

*Id.* at 496 (quoting the Commissioner's decision). The *Anderson* court affirmed the Commissioner's finding that the employee's decision to retire was not voluntary, stating:

> Anderson did not leave because she was retiring, but because she was being laid off. We believe that whether or not Anderson's separation was "voluntary" should be determined by the point at which she was notified she would be laid off. At that point, the decision regarding her separation was not voluntary on her part.

*Id.* at 497. The court therefore determined that because the employee's separation was involuntary, she should not be disqualified from receiving unemployment compensation benefits. *Id.* at 497–98.

The facts of the present case are clearly different than those in *Anderson.* Stansberry was not notified that he was being laid off, and the "cause" of his unemployment was not a pending layoff, but a voluntary decision on his part to leave. The legislature has stated that an employee who voluntarily quits his job gives up his entitlement to unemployment compensation benefits. Such is the case here.

### DECISION

Because Stansberry voluntarily quit his job, it was error to award him unemployment compensation benefits.

Reversed.